IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LAKEYSIA WILSON**                                                                                    **PLAINTIFF**

v.                               **Case No. 4:22-cv-00775-LPR**

**ARKANSAS DEPARTMENT OF**
**HUMAN SERVICES, Division of**
**Youth Services**                                                                                       **DEFENDANT**

## ORDER

In this case, Plaintiff alleges race and sex discrimination as well as a violation of the Equal Pay Act.[1] Defendant has moved to strike the Amended Complaint.[2] Defendant has also moved to dismiss the entire case for failure to state a claim upon which relief can be granted.[3] For efficiency's sake, the Court will address the requests in reverse order.

First up is the 12(b)(6) dismissal request. A significant portion of that request should be granted—regardless of which version of the Complaint counts as the operative version. For the reasons asserted on pages 7–8 of Defendant's Brief, Defendant is immune from a § 1983 suit.[4] For the reasons asserted on pages 6–7 of that same Brief, a declaratory judgment would not be legally appropriate in the circumstances presented by this case.[5] The remaining claims require a little more discussion.

---

[1] *See* Am. Compl. (Doc. 18). The Amended Complaint makes one oblique reference to a retaliation claim in its opening paragraph. *See id.* at 1 (alleging Plaintiff was subjected to unlawful employment practices "on the account of having opposed discriminatory practices due to her race, sex, and equal pay act"). But the Amended Complaint never alleges anything that could remotely qualify as a retaliation claim. Indeed, it appears the oblique reference to such a claim is more of a drafting error than anything else.

[2] Mot. to Dismiss (Doc. 19).

[3] *Id.*

[4] *See* Br. in Supp. of Mot. to Dismiss (Doc. 20) at 7–8.

[5] *See id.* at 6–7.

With respect to Plaintiff's Title VII race discrimination claim, it is obvious from the face of her operative Complaint that she failed to properly exhaust. The EEOC Charge—which Plaintiff attached to her initial Complaint and her Amended Complaint—asserts that: (1) in 2016, a Black man (a Mr. Messer) was hired into a similar position as her at a higher pay grade making more in compensation, and (2) in 2018, a Black man (a Mr. Gaston) was rehired at his previous C19 grade and salary even though Plaintiff had been told in 2015 that her rehire could not be at her old C19 grade and salary.[6] Like these two men, Plaintiff is Black.[7] Accordingly, nothing in her EEOC Charge properly complains of, and thereby exhausts, a race discrimination claim.[8] Because she did not properly exhaust such a claim, she may not bring it in this lawsuit.[9]

With respect to Plaintiff's Title VII sex discrimination claim and Equal Pay Act claim, Defendant does not make exhaustion/limitations arguments. Instead, Defendant solely argues that the operative Complaint defeats itself by "alleg[ing] that [a] male employee, Eug[ene] Lamb,

---

[6] Compl. (Doc. 2) at 4; Am. Compl. (Doc. 18) at 7.

[7] *See* Am. Compl. (Doc. 18) at 2, 7.

[8] *See id.* at 7 ("I was not given substantive reasons for the difference in my pay and the males['] pay.")

[9] *See Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630–31 (8th Cir. 2000); *see also Graham v. Bryce Corp.*, 348 F. Supp. 2d 1038, 1041 (E.D. Ark. Dec. 15, 2004) ("Exhaustion of administrative remedies under Title VII requires a claimant to give notice of all claims of discrimination in the initial administrative charge."). It is true that Plaintiff's EEOC Charge noted her belief that her employer "has not carried out [its] pay policies equitably," and that she "was and continue[s] to be denied equal wages and equal pay[] due to my race (black)[] and my sex (female) . . . ." Am. Compl. (Doc. 18) at 7. But, with no specifics to support her conclusory race discrimination allegation, the EEOC Charge did not sufficiently place her employer on notice of her race discrimination allegations. *Cf. Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002) (holding that checking the "sex discrimination" box on the EEOC charge form and making a conclusory allegation did not establish a reasonable relationship between the facts alleged in the EEOC charge and a sex discrimination claim), *overruled in part on other grounds by Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004).

Although not provided by or discussed in the Amended Complaint, the Court notes that Plaintiff's original Complaint included a document that discusses race discrimination. *See* Compl. (Doc. 2) at 7–11. The document is undated. And Plaintiff never says whether or when this document was submitted to the EEOC. Indeed, a reference to the document on page 3 of the original Complaint suggests the document is merely "additional explanation" of the claims she is bringing in the instant lawsuit. *Id.* at 3. The document lends itself to opposing inferences as to whether it was given to the EEOC. But, again, even if it was given to the EEOC at some point, there is no indication as to when it was given to the EEOC (except the document makes clear that it was drafted sometime after the EEOC Charge was filed and after the Defendant's responsive Position Statement was submitted). *See generally id.* at 7–11.

performed substantially identical duties as [Plaintiff] and received equal pay."[10] But the Amended Complaint does not actually identify Eugene Lamb's sex. Moreover, as the Defendant acknowledges, the operative Complaint also alleges that two male employees—specifically Mr. Gaston and Mr. Messer—were similarly situated to Plaintiff but treated more favorably than her in terms of the pay.[11] The existence of one similarly situated male being paid the same as Plaintiff may well make things very tough for Plaintiff at the summary judgment stage. But it does not, on its own, automatically render either the Title VII sex discrimination claim or Equal Pay Act claim implausible under the *Iqbal/Twombly* standard.[12] At the very least, Defendant has not developed the legal argument enough to convince the Court otherwise at this stage.[13]

Now on to the Motion to Strike. The Court will not strike the Amended Complaint. Defendant is right that Plaintiff did not completely comply with the Order granting Defendant's Motion for a More Definite Statement.[14] But Plaintiff obviously tried to do what the Court ordered.[15] Perhaps more importantly, now that the § 1983 claim, the declaratory judgment claim, and the Title VII race discrimination claim are out of the case, the need for fact-to-claim organization and clarity is greatly reduced. Any facts in the Complaint concerning unequal pay between men and women go to the two remaining claims: Title VII wage-related sex discrimination and violation of the Equal Pay Act.

---

[10] Br. in Supp. of Mot. to Dismiss (Doc. 20) at 5; *see also* Am. Compl. Doc. 18) at 3.

[11] *See* Br. in Supp. of Mot. to Dismiss (Doc. 20) at 5; Am. Compl. (Doc. 18) at 3–5.

[12] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

[13] The Court has confined itself to addressing the specific argument made by Defendant. The Court is not saying affirmatively that Plaintiff has stated a viable Title VII sex discrimination claim or Equal Pay Act claim. All the Court is saying is that Defendant's specific challenge to the claims lacks merit—at least at this stage of the proceedings.

[14] *See* Order Granting Mot. for More Definite Statement (Doc. 11); Br. in Supp. of Mot. to Dismiss (Doc. 20) at 1–2.

[15] *See generally* Am. Compl. (Doc. 18).

## CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss. Plaintiff's § 1983 claim, her declaratory judgment claim, and her Title VII race discrimination claim are dismissed without prejudice. Her Title VII sex discrimination claim and Equal Pay Act claim remain. The Court DENIES Defendant's Motion to Strike.

IT IS SO ORDERED this 11th day of July 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE